# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

INEQUIA MARTEIN SHAW,

      Plaintiff,

v.                                                  Case No. 6:22-cv-1942-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

      Defendant.

_____

## **OPINION AND ORDER**[2]

### **I.   Status**

Inequia Martein Shaw ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of a joint infusion of the left knee, bulging discs and disc hernia, chronic headache, post concessional syndrome, and anxiety. Transcript of Administrative Proceedings (Doc. No. 12; "Tr." or "administrative transcript"),

---

[1] Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 11), filed January 20, 2023; Order (Doc. No. 13), entered January 23, 2023.

filed January 20, 2023, at 133-34, 147, 464. Plaintiff protectively filed an application for SSI on November 30, 2018, alleging an onset disability date of March 1, 2015. Tr. at 402-11.[3] The application was denied initially, Tr. at 133-43, 144, 145, 203-05, and upon reconsideration, Tr. at 146-63, 164, 165, 210-15.

On February 24, 2020, an Administrative Law Judge ("ALJ") held a hearing, during which Plaintiff (represented by counsel) and a vocational expert ("VE") testified. Tr. at 100-32. On February 3, 2021, the ALJ issued a decision finding Plaintiff not disabled since the date the application was filed. Tr. at 169-83. Plaintiff sought review of the decision by the Appeals Council. Tr. at 312-14. On July 12, 2021, the Appeals council vacated the ALJ's decision and remanded the matter for further proceedings. Tr. at 191-92.

On remand, the ALJ held a hearing on December 16, 2021, during which she heard from Plaintiff (represented by counsel) and a VE.[4] Tr. at 70-99. On March 2, 2022, the ALJ issued a Decision finding Plaintiff not disabled since the date the application was filed. See Tr. at 20-33.

---

[3] The actual filing date of the SSI application is December 14, 2018. Tr. at 402. The protective filing date is listed elsewhere in the administrative transcript as November 30, 2018. Tr. at 133, 146. The administrative transcript also contains an application for disability insurance benefits (DIB), Tr. at 195-98, that is not at issue in this appeal.

[4] This hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances presented by the earlier stages of the COVID-19 pandemic. Tr. at 72, 320-33, 374, 578-79.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted additional medical evidence. See Tr. at 2, 5-6 (Appeals Council exhibit list and orders), 13-16 (medical evidence), 399-401 (request for review). On August 24, 2022, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On October 21, 2022, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues: "[r]emand is required because the ALJ's evaluation of opinion evidence was not supported by substantial evidence." Plaintiff's Social Security Brief (Doc. No. 16; "Pl.'s Br."), filed February 22, 2023, at 10 (emphasis omitted); see id. at 10-15. On March 20, 2023, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 18; "Def.'s Mem.") responding to Plaintiff's argument. Then, as permitted, Plaintiff on April 3, 2023 filed Plaintiff's Social Security Reply Brief (Doc. No. 19; "Reply"). After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 23-32. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since November 30, 2018, the application date." Tr. at 23 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: degenerative disc disease of the lumbar and

---

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

cervical spine, degenerative joint disease of the left knee and post-concussion syndrome with headaches." Tr. at 23 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 25 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§] 416.967(b) except she can stand or walk for four hours, and sit for six hours, with normal breaks in an eight-hour workday; she can occasionally climb ramps, and stairs; but she can never climb ladders, ropes or scaffolds; she can occasionally stoop, kneel, crouch, crawl, and frequently balance; she can be exposed to moderate noise level; she can have no concentrated exposure to vibration; and she can have no exposure to unprotected heights or dangerous moving machinery; she can have occasional exposure to temperatures under 40 degrees and over 90 degrees Fahrenheit.

Tr. at 26 (emphasis omitted).

At step four, the ALJ found that Plaintiff "has no past relevant work." Tr. at 31 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("37 years old . . . on the date the application was filed"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 31 (emphasis and citations omitted), such as

- 5 -

"Marker," "Checker I," and "Classifier," and alternatively at the sedentary exertional level, "Document preparer," "Final assembler," and "[H]and mounter," Tr. at 32. The ALJ concluded Plaintiff "has not been under a disability . . . since November 30, 2018, the date the application was filed." Tr. at 32 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial

evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

### IV.   Discussion

Plaintiff challenges the ALJ's evaluation of the treating opinion evidence from Oscar Arnaud, M.D.; Marie Christensen, M.D.; and Elissabeth Lasley, ARNP-C. Pl.'s Br. at 11. According to Plaintiff, the ALJ found all three opinions unpersuasive because the ALJ failed to meaningfully address evidence that supported them, and the ALJ's analysis was conclusory. Id. at 11-14. Moreover, Plaintiff challenges the ALJ's evaluation of the opinion of consultative examiner Bella Dattani, M.D. Id. at 14-15. According to Plaintiff, to the extent the ALJ found this opinion only partially persuasive, the ALJ failed to take into account evidence that fully supports it. Id. Responding, Defendant argues the ALJ properly considered all medical opinion evidence and findings, and the ALJ's Decision is supported by substantial evidence. Def.'s Mem. at 4-7.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting

the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a).[6] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2)

---

[6] Plaintiff filed her SSI application after the effective date of section 404.1520c, so the undersigned applies the revised rules and Regulations.

- 8 -

"[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[7]

Here, Dr. Arnaud, Dr. Christensen, and Ms. Lasley all rendered opinions on Plaintiff's functioning that, if accepted, would result in an inability to work. See Tr. at 677-79 (Dr. Arnaud opining, among other things, Plaintiff could never lift, carry, push, pull, and Plaintiff needs to lie down or recline for three hours per eight-hour workday), 859-61 (Dr. Christensen opining, among other things,

---

[7] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

Plaintiff would need to lie down two hours per eight-hour day and would miss four or more days of work per month), 722-24 (Ms. Lasley opining, among other things, Plaintiff needs to lie down two hours per eight-hour workday and would miss four or more days of work per month). The ALJ addressed all three opinions together:

> The undersigned finds Drs. Arnaud and Christensen's opinions, as well as Ms. Lasley's opinion unpersuasive. The undersigned notes that, these opinions indicating [Plaintiff] is incapable of even performing sedentary work are not supported by any objective findings. Further, those opinions are inconsistent with the overall evidence of record, and [Plaintiff's] own admissions to a normal range of daily activities, as well as her work activity since the alleged onset date. For example, the record demonstrates that on May 13, 2019, a consultative medical examination indicated a slightly decreased range of motion of the cervical and lumbar spine, and, it also showed full range of motion of all other major joints. The same examination revealed full strength in all major muscle groups, except for slightly decreased left thigh flexion, at 4/5. She had normal reflexes throughout, normal gait, ability to get on and off the examination table, did not require an assistive device for ambulation. This same examination also showed negative straight leg raise in the supine position, as well as normal examinations of all other major organs and systems. A follow up consultative examination, on March 10, 2020, indicated [Plaintiff] displayed full range of motion in the cervical spine, and she had nearly full range of motion in the lumbar spine. The same examination showed full range of motion of all other major joints, no musculoskeletal weakness, normal reflexes, no neurological deficit were noted, and examination of all other major organs was within normal limits. The doctor noted that [Plaintiff] was able to ambulate with a normal gait. The opinions

> of Drs. Arnaud and Christensen, and of Ms. Lasley, were inconsistent with other objective evidence demonstrating normal muscle strength, normal gait and no tremors. Further, those opinions are inconsistent with [Plaintiff's] own admissions of normal daily activities. Treatment notes reflect mostly normal physical examinations and imaging studies have been largely unremarkable.

Tr. at 30 (citations omitted).

In challenging the ALJ's analysis, Plaintiff argues the ALJ's reliance on the May 2019 consultative examination findings of Dr. Ranganathan "downplayed the abnormal findings, as there was also left lower extremity stiffness, [and] a 'very sensitive' left knee [palpitation]." Pl.'s Br. at 12 (citing Tr. at 673). Plaintiff also points out that lifting in the left lower extremity was restricted to seventy degrees due to low back pain. Id. (citing Tr. at 673).

Plaintiff brings similar challenges to the ALJ's reliance on the March 2020 examination findings of Dr. Dattani. Id. at 12; see Tr. at 785-800 (findings and report). According to Plaintiff, the ALJ "downplayed the abnormal section [of the report], including that lumbar spine forward flexion was restricted to 40 degrees" and there were spasms and pain. Id. (citing Tr. at 785, 798). Plaintiff also comments on her walking, knee pain, and positive leg raise in the supine position. Id. (citing Tr. at 798, 799, 800).

Finally, Plaintiff cites record evidence she believes the ALJ did not adequately consider in making the finding that the opinions were inconsistent

with evidence showing mostly normal physical examinations and imaging studies. Id. at 13-14.

Contrary to Plaintiff's contentions, the ALJ adequately considered all of the evidence, including the consultative examination findings, in determining that the opinions at issue were not persuasive. The ALJ summarized in detail the findings elsewhere in the Decision, including some of the very findings Plaintiff complains that the ALJ downplayed or overlooked. See Tr. at 27, 29. While the ALJ did not refer to every single examination finding, the ALJ's summaries make clear that the consultative examinations were adequately considered, together with the rest of the evidence, in deciding that the treating opinions were overly restrictive. Moreover, the ALJ did not rely solely on the examination findings. Instead, the ALJ discussed the opinions' inconsistency with Plaintiff's daily activities and treatment notes in the administrative transcript.

Finally, the ALJ did not err in finding generally persuasive Dr. Dattini's opinion on Plaintiff's functioning. The ALJ noted that "the part of Dr. Dattini's opinion that limits [Plaintiff] to sitting only five hours is not supported by [the examination] findings, since there are no objective findings listed with the opinion that support this limitation." Tr. at 29. Plaintiff contends this conclusion is not consistent with the overall evidence, Pl.'s Br. at 14-15, but in so arguing, Plaintiff points generally to evidence that tends to support her

claim. Plaintiff does not point to any evidence that contradicts this actual finding.

Overall, the ALJ did not err in evaluating the opinions of record, and the ALJ's findings are supported by substantial evidence.

## V. Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on February 21, 2024.

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record